**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-4278**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK JERELL STREETER,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00374-WO-1)

───────────

Submitted:  February 4, 2022               Decided:  February 7, 2022

───────────

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Derrick Jerell Streeter pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The district court sentenced Streeter below the advisory Sentencing Guidelines range to a term of 186 months' imprisonment. Streeter's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence is reasonable. Streeter has filed a pro se brief challenging the validity of his guilty plea in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm the criminal judgment.

Because Streeter neither raised an objection during the Fed. R. Crim. P. 11 hearing nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Streeter "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

"Before accepting a guilty plea, a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(G). Here, the district court did not advise Streeter that, with respect to his

§ 922(g)(1) offense, the Government was required to "prove both that [Streeter] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200). Although this error satisfies the first two prongs of the plain error test,[*] *see Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021), we conclude that the district court did not reversibly err in accepting Streeter's guilty plea because the error did not affect his substantial rights. Specifically, Streeter fails to advance a sufficient argument that he would have presented credible evidence in the district court that he did not know he was a felon when he possessed the firearm. *Id.* at 2100. Accordingly, he has not "carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different" but for the district court's error. *Id.*; *see also Sanya*, 774 F.3d at 816.

We review Streeter's sentence for reasonableness, applying an abuse-of-discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first review the sentence for significant procedural error, such as improper calculation of the Guidelines range, reliance on clearly erroneous facts, insufficient consideration of the 18 U.S.C. § 3553(a) factors, and inadequate explanation of the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). If we find no procedural error, we then review the substantive reasonableness of the sentence, considering "the totality of the circumstances" in assessing

---

[*] The district court did not have the benefit of *Rehaif*, which issued after Streeter was sentenced.

3

the district court's application of the § 3553(a) factors. *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). We "apply a presumption of reasonableness to a sentence within or below a properly calculated Guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Our review of the record convinces us that Streeter's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable advisory Guidelines range, considered the parties arguments, and adequately explained its reasons for imposing a sentence slightly below the advisory Guidelines range. Streeter fails to rebut the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Streeter's criminal judgment. This court requires that counsel inform Streeter, in writing, of the right to petition the Supreme Court of the United States for further review. If Streeter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Streeter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4